# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 05-423

JEFFREY MECHE AND PATRICIA MECHE

VERSUS

JOHN MELVIN DUHON

************

**APPEAL FROM THE**
**FIFTEENTH JUDICIAL DISTRICT COURT,**
**PARISH OF LAFAYETTE, NO. 2000-0705,**
**HONORABLE HERMAN CLAUSE, DISTRICT JUDGE**

************

**JAMES T. GENOVESE**
**JUDGE**

************

Court composed of Glenn B. Gremillion, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

Peter C. Piccione, Jr.
P.O. Box 5150
Lafayette, LA 70502
COUNSEL FOR DEFENDANT/APPELLANT:
    John Melvin Duhon

Scott A. Stefanski
Edwards, Stephanski & Zaunbrecher, L.L.P.
P.O. Drawer 730
Crowley, LA 70527-0730
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Jeffrey Meche and Patricia Meche

**GENOVESE, Judge.**

Defendant, John Melvin Duhon, appeals the trial court judgment awarding Plaintiff, Jeffery Meche, $30,000.00 in general damages. We affirm.

<u>FACTS</u>

On April 30, 1999, Plaintiffs, Jeffrey Meche ("Meche"), and his wife, Patricia, along with his brother, Jarrod, were at a bar (Antler's) in Lafayette, Louisiana, when Meche was struck in the face by Defendant, John Melvin Duhon ("Duhon"), without provocation. Meche filed suit against Duhon asserting damages arising from an intentional battery allegedly committed by Duhon. Patricia Meche filed a loss of consortium claim. Defendant answered and filed a cross claim against Jarrod.

Pursuant to non-jury trial, the trial court found in favor of Plaintiffs and awarded Meche damages as follows:

| | |
|---|---|
| General Damages | $ 30,000.00 |
| Medical Expenses | $ 3,611.00 |
| TOTAL | $ 33,611.00 |

Patricia Meche was awarded $1,000.00 for loss of consortium. Duhon's cross claim against Jarrod Meche was dismissed.

<u>ISSUE</u>

Although Defendant assigns as an error the trial court's acceptance of "the self serving testimony of the plaintiffs, when there was [sic] no 'independent witnesses' to the incident," Defendant does not brief the issue of liability. Instead, he briefs the issue of damages asserting that the trial court awarded an excessive amount for a minor injury. Any specification or assignment of error not briefed is considered abandoned. Uniform Rules—Courts of Appeal, Rule 2-12.4. Therefore, the sole issue presented for our review is whether or not the trial court abused its discretion in awarding $30,000.00 in general damages.

GENERAL DAMAGES

Duhon contends that general damages in the amount of $30,000.00 awarded

to Meche by the trial court is excessive. We disagree.

In *Andrus v. State Farm Mutual Automobile Insurance Co.*, 95-0801, p. 8 (La.

3/22/96), 670 So.2d 1206, 1210 (citations omitted), the supreme court stated:

> In appellate review of general damage awards, the court must accord much discretion to the trial court judge or jury. The role of an appellate court in reviewing awards of general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trial court. Only if the reviewing court determines that the trial court has abused its "much discretion" may it refer to prior awards in similar cases and then only to determine the highest or lowest point of an award within that discretion.

> Because discretion vested in the trial court is "great," and even vast, an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, *in either direction*, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

Meche was originally treated by Dr. Linda Oge′ on May 1, 1999, where he

presented with headaches, memory loss, dizziness, swaying and a contusion over his

left eye. He reported amnesia, left eye blurriness, dizziness and that things were

foggy. Following an MRI and CT scan he was referred to Dr. Leo de Alvare, a

neurologist.

On May 20, 1999, Meche saw Dr. de Alvare and voiced complaints of an

inability to concentrate, memory problems and irritability. He complained of an

inability to sleep and daily headaches. Dr. de Alvare ordered an EEG and rendered

a diagnosis of a closed head injury, cerebral concussion and amnesia. Meche returned

to see Dr. de Alvare on September 1, 1999, still having problems with concentration,

headaches and anger outbursts. On this visit, Meche was discharged and told to

2

return on an "as needed" basis.

Meche testified at trial that he also suffered chipped teeth as a result of the altercation. He further testified that he was still having trouble sleeping and that he had to undergo sleep studies and testing. At the time of trial, he still complained of headaches, dizziness and irritability.

After carefully reviewing the record comprised of the testimony at trial and exhibits, including medical records, reports and photographs, we find that the trial court did not abuse its great discretion in awarding Meche $30,000.00 in general damages.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs for this appeal are assessed against Defendant.

**AFFIRMED.**